## SUFFICIENCY OF EVIDENCE IN A PROSECUTION FOR RAPE.

Circuit Court of Cuyahoga County.

CONRAD FREY v. STATE OF OHIO.

Decided, October 21, 1907.

*Rape—Evidence Must Show Resistence of Woman.*

In a prosecution for rape, where the evidence discloses that the hands of the prosecuting witness were both free, and that people were in the room above that where the act occurred and no outcry was made; *Held:* Not sufficient to support a conviction.

*Miller & Linder* and *Ross & Klingman,* for plaintiff in error. *H. Burton Gott,* Assistant Prosecuting Attorney, contra.

MARVIN, J.; WINCH, J., concurs; HENRY, J., not sitting.

The plaintiff in error was indicted, prosecuted and convicted of committing a rape upon Hazel Yeaton, by having carnal intercourse with her, forcibly and against her will, on the 9th day of January, 1907.

Error is prosecuted here to reverse the judgment of conviction. Complaint is made of the language used by the prosecuting attorney in his argument to the jury. An examination of that argument as it appears in the bill of exceptions, discloses nothing which would justify a reversal of the judgment.

The prosecutor referred to the appearance of the prosecuting witness in court, claiming that such appearance indicated both weakness of body and mind. If he thought this was so there was no impropriety in saying so to the jury. It is certainly a very common, and, as we think, an entirely proper thing to call attention to the appearance of witnesses, as entitling them to commendation or condemnation.

He called attention to the appearance of the accused, as he sat in court, claiming that he was strong and robust, abundantly able by his physical strength to overpower this girl. This was

following a practice long in vogue which never, so far as we know, has received judicial censure.

Complaint is made that the court failed to give in charge to the jury certain propositions of law, as requested by the plaintiff in error.

Without stopping to read them we deem it sufficient to say that the charge given by the court to the jury embodied all the good law contained in these several requests. The charge as given was clear, fair, and we find correctly stated the law applicable to the case. We should not be justified in reversing the judgment because of anything said or omitted in the charge.

There remains, however, to be considered the action of the court in overruling the motion made by the plaintiff in error for a new trial, one of the grounds of which was "that the verdict is not sustained by sufficient evidence."

We reach the conclusion from the testimony of the prosecuting witness herself that she made no effort to avoid the sexual connection which she says took place between the parties. We will not enter into any details of this evidence, but it seems to us incredible that she could not easily have prevented Frey from accomplishing his purpose, considering the position in which she says they were when it was done; her hands were both free, there were people close by, Mrs. Ida Forest living immediately over the room where these parties were at the time and she must have heard, had any outcry been made. The girl does not claim to have made any outcry, but she knew the premises and the surroundings, and therefore knew that she would be heard if she cried out, and she failed to do so. Taking all these things together, we are forced to the conclusion that the court erred in overruling the motion for a new trial, on the ground that the verdict was not sustained by sufficient evidence, and this notwithstanding the contempt in which the plaintiff in error must be held by all decent men and women, who believe, as the jury believed and might well believe, the story of this unfortunate girl. The result is that the judgment of the court of common pleas is reversed and the case remanded to that court for further proceedings.